UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number: 16-20413-CIV-MARTINEZ-GOODMAN**

GARY COOPER, on behalf of himself and all others similarly situated,
Plaintiff,
vs.

PENNYMAC LOAN SERVICES, LLC, et al.,
Defendants.
_______________________________________/

# FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiff and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

a. "Named Plaintiff" means Gary Cooper.

b. "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

> The "Class" shall include all borrowers in the United States who, within the Class Period (defined below), were charged by PennyMac Loan Services, LLC under a hazard, flood, or wind LPI policy issued or procured by QBE Specialty Insurance Company, Praetorian Insurance Company, QBE FIRST Insurance Agency, Inc. n/k/a NGLS Insurance Services, Inc., QBE Insurance Corporation, Balboa Insurance Company, Meritplan Insurance Company, Seattle Specialty Insurance Services, Inc., or one of their predecessors, successors, agents, or affiliates

(collectively, the "QBE Defendants") for Residential Property,[1] and who, within the Class Period, either (i) paid to PennyMac the Net Premium[2] for that LPI Policy or (ii) did not pay to and still owe PennyMac the Net Premium for that LPI Policy. Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

The "Class Period" shall commence on February 1, 2011, and shall continue through and including October 18, 2016.

c. "PennyMac" means PennyMac Loan Services, LLC.

d. "QBE Defendants" means QBE Specialty Insurance Company ("QBE Specialty"), Praetorian Insurance Company ("Praetorian"), QBE FIRST Insurance Agency n/k/a NGLS Insurance Services, Inc. ("QBE FIRST"), QBE Insurance Corporation ("QBE Insurance"), Balboa Insurance Company ("Balboa"), Meritplan Insurance Company ("Meritplan"), Seattle Specialty Insurance Services, Inc. ("Seattle Specialty"), or one of their predecessors, successors, agents, or Affiliates.

e. "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

f. "LPI Policy" means a lender-placed residential hazard, flood, or wind LPI

---

[1] "Residential Property" shall mean any property for which the borrower (i) submitted a Uniform Residential Loan Application or similar paper or electronic application form in connection with the mortgage loan for the property on which the LPI Policy was placed, or (ii) uses or used all or any part of the property as a primary or secondary residence, and not primarily for business purposes.

[2] "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Settlement Class Member.

policy issued or procured by the QBE Defendants and placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by PennyMac to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

g. "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

2. Named Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their respective family members, executors, representatives, administrators, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, joint tenants, tenants in common, tenants by the entirety, co-mortgagors, co-obligors, co-debtors, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

a. "Released Claims" means any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that

each member of the Settlement Class may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning PennyMac's placement, or the QBE Defendants' procurement or issuance, of LPI Policies or to the receipt or disclosure or nondisclosure of charges related to the advancing of LPI premiums during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for PennyMac's Placement of LPI Policies during the Settlement Class Period. In agreeing to this Release, Named Plaintiff explicitly acknowledges that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

b. The Released Claims of both the Named Plaintiff and the Settlement Class Members shall include, but not be limited to, all claims related to PennyMac's insurance requirements; the relationship, whether contractual or otherwise, between PennyMac and the QBE Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by PennyMac; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by PennyMac; any alleged tortious interference by the QBE Defendants with mortgage loans

serviced by PennyMac; the receipt or disclosure or non-disclosure of any and all payments, expenses, fees, finance charges, other charges, or features pertaining in any way to, in connection with, or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PennyMac; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PennyMac; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by PennyMac; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by PennyMac. Each Settlement Class Member shall be considered, by operation of the Final Judgment, to have received full and final redress, including but not limited to any refund, reimbursement, restitution, or damages for the conduct covered by the release.

c. "Released Persons" means, only with respect to Released Claims: (a) PennyMac, the QBE Defendants, and each of their respective past or present, direct or indirect Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued LPI for PennyMac insuring real property owned by any Settlement Class Member; and (c) any trustee or investor of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, insurers, representatives, successors and assigns, and attorneys of all such entities.

3. Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and

enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4. Within ten (10) days, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

DONE and ORDERED in Chambers in Miami, Florida, this 16 day of May, 2017.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record